ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov
    Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MORTEZA AMIRI and<br>DEVON CHRISTOPHER WENGER,<br><br>    Defendants. | Case No. 23-CR-00269-JSW<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT MORTEZA AMIRI'S MOTION IN LIMINE 3**<br><br>Pretrial: February 10, 2025<br>Trial: March 3, 2025<br>Court: Honorable Jeffrey S. White |

Defendant Morteza Amiri seeks to "exclude at trial any evidence, references, or argument concerning Mr. Amiri's separation from the APD and his current employment status," including evidence of Mr. Amiri's termination. MIL 3 at 2. Amiri argues that such evidence should be excluded because it is irrelevant under Federal Rule of Evidence 401 and unduly prejudicial under Rule 403. *Id.*

///

## I. Background

The government provides background facts for this matter in Section I of its response to Amiri's Motion in Limine No. 1, which is incorporated by reference here.

The defendants are charged with multiple violations of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law). To prove a violation of section 242, the government must establish that the defendant acted (1) under color of law; (2) willfully; and (3) to deprive the victim of a constitutionally or federally protected right. 18 U.S.C. § 242; *United States v. Lanier*, 520 U.S. 259, 264 (1997). This requires proof that the defendant acted with the specific intent to deprive a person of a constitutional right. *Screws v. United States*, 325 U.S. 91, 104 (1945). The defendant is not required to know the particular constitutional provision that the conduct violated or to "have been thinking in constitutional terms," *id.*, but he must have "acted with knowledge that [the] conduct was unlawful," *Bryan v. United States*, 524 U.S. 184, 191–92, 196 (1998). As the Seventh Circuit explained in the context of a police officer charged with violating section 242 for using unreasonable force, this means that, to act willfully, a defendant must "[know that the] force [i]s not reasonable and use[] it anyway." *United States v. Proano*, 912 F.3d 431, 442 (7th Cir. 2019).

## II. Argument

In his motion, Amiri argues that evidence of his termination and current employment status may "lead to negative inferences that bear no relevance to the issues at hand," that the jury could infer guilt or base their decision on improper conclusions if they knew that Amiri had been terminated, and that his "termination and employment status may carry connotations or biases that could confuse or mislead the jury." MIL 3 at 2–4. The government does not intend to raise the fact that Amiri was "terminated" from the Antioch Police Department, or that he is no longer employed as a police officer, in its case-in-chief.

However, Amiri appears to argue further that "evidence concerning internal affairs investigations, personnel complaints, and other unrelated allegations against officers [should be] excluded to prevent the jury from being misled or unduly prejudiced against the officers," but such a sweeping exclusion would be unwarranted in this case. MIL 3 at 3. Indeed, the government *does* anticipate introducing evidence that Amiri was at times counseled, at times disciplined, and at times was subject to remedial training during his time as a police officer for failure to follow Antioch Police

Department policies (including policies concerning the use of force and the use of a canine), as significant evidence of willfulness.  With respect to the alleged violations of 18 U.S.C. § 242, the United States is required to prove that the defendants willfully used unreasonable force; accordingly, evidence that a defendant received specific corrective instructions about his use of force and nevertheless disregarded such instructions in his further deployments of force is probative of intent for those charges. *See, e.g.*, *Proano*, 912 F.3d at 439 ("If, as here, an officer has been trained that officers should not do several things when confronted with tense situations, yet he does those things anyway, the fact that he broke from his training could make it more likely that he acted willfully.").  Specifically, evidence of a defendant's training, discipline, or other remediation, by police superiors, including as it was received by the defendant over the course of the alleged conspiracy and prior to the defendant's specific deployments of excessive force, is relevant to establishing the defendant's willfulness and to rebutting any arguments by a defendant that he lacked the requisite state of mind to be guilty of the crimes with which they were charged.

Finally, the government anticipates that Amiri could also attempt to present evidence or argue that he served his community as a police officer above reproach, with a spotless record, and/or without wrongdoing.  Should he open the door in this way in his presentation of evidence or argument, the government should then be permitted to provide rebuttal evidence, including evidence of his prior wrongdoing and ultimately his separation from APD by way of termination.

### III.    Conclusion

For the foregoing reasons, Amiri's motion in limine should be denied.

DATED:  January 22, 2025                                  Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys