ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov
    Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-00269-JSW |
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT MORTEZA AMIRI'S MOTION IN LIMINE 4** |
| v. | |
| MORTEZA AMIRI and DEVON CHRISTOPHER WENGER, | Pretrial: February 10, 2025<br>Trial: March 3, 2025<br>Court: Honorable Jeffrey S. White |
| Defendants. | |

Defendant Morteza Amiri has moved in limine to exclude evidence of his recent wire fraud

convictions. Amiri argues that such evidence should be excluded because it is unduly prejudicial under

Rule 403. If Amiri testifies, however, the Court <u>must</u> admit these convictions under Federal Rule of

Evidence 609(a)(2), because the Court "can readily determine that establishing the elements of the crime

required proving. . . a dishonest act or false statement."  Fed. R. Evid. 609(a)(2).

**I.    Argument**

On August 8, 2024, a jury convicted Amiri of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and one count of wire fraud in violation of 18 U.S.C. § 1343. *United States v. Berhan et al.*, 23-CR-264 JSW.  Sentencing is pending.  Amiri argues that, if he testifies, these convictions should be excluded from this trial.

Pursuant to Rule 609(a), the government may "attack[] a witness's character for truthfulness by evidence of a criminal conviction."  Amiri relies on the wrong subsection of Rule 609, however, when he argues that his prior convictions should be excluded because of their purportedly prejudicial effect. The correct subsection is Rule 609(a)(2): "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement" (emphasis added).  For convictions less than ten years old, Rule 609(a)(2) is a per se rule that provides no discretion, much less a balancing test, for the admissibility of crimes involving dishonest acts or false statements.  *United States v. Glenn*, 667 F.2d 1269, 1272 (9th Cir. 1982) ("[C]onvictions involving 'dishonesty or false statement' within the meaning of rule 609(a)(2) are automatically admissible; the court need not conduct a balancing test.") *citing United States v. Field*, 625 F.2d 862, 871 (9th Cir. 1980) (crimes involving a dishonest act or false statement "are always admissible; rule 609(a)(2) grants no judicial discretion for their exclusion").

Fraud is, at its heart, a crime of dishonesty and false statements.  To secure a wire fraud conviction against Amiri, the government was required to prove (and the jury found), among other things, that the defendant "knowingly participated in a scheme or plan to defraud . . . for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Berhan et al.*, 23-CR-264 JSW, Dkt. No. 325 at 30; *see also* Ninth Circuit Model Jury Instruction 15.35, Wire Fraud.

Indeed, "criminal fraud" is expressly included among the dishonest acts and false statements contemplated by Rule 609(a)(2): "[C]rimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing upon the

1 | accused's propensity to testify truthfully." Fed. R. Evid. 609(b)(2) advisory committee note (emphasis

2 | added); *see also United States v. Ortega*, 561 F.2d 803, 805-806 (9th Cir. 1977) (examining the history

3 | of Rule 609(a)(2), and concluding that misdemeanor shoplifting was not a crime involving dishonesty or

4 | a false statement).

5 | Fraud convictions are therefore automatically admissible to impeach a defendant. *See, e.g.,*

6 | *United States v. Leyva*, 659 F.2d 118, 122 (9th Cir. 1981) ("We hold. . . that Congress meant what it said

7 | in rule 609(a)(2) that the fact of a prior conviction for an offense such as mail fraud is always admissible

8 | for impeachment purposes"); *United States v. Rochelle*, No. 96-30329, 1997 WL 724539 (9th Cir. Nov.

9 | 19, 1997) (wire fraud convictions are "admissible under Rule 609(a)(2) without any balancing

10 | analysis").

11 | Amiri argues that "[c]ourts have consistently excluded prior convictions under circumstances

12 | like this to prevent undue prejudice," and cites *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985), as

13 | an example. This argument is incorrect for the reasons discussed above; moreover, *Bagley* is irrelevant

14 | to the analysis here. In *Bagley*, a defendant on trial for bank robbery was previously convicted of both

15 | bank robbery and forgery. The Ninth Circuit agreed with the defendant that his prior convictions for

16 | bank robbery should be excluded under Rule 609(a)(1) because their probative value was outweighed by

17 | the potential prejudice. *Bagley*, 772 F.2d at 487-488. However, Bagley is notable for what the Ninth

18 | Circuit did <u>not</u> do: the Court did not even reach the admissibility of the defendant's prior forgery

19 | convictions, because the defendant correctly conceded on appeal that his forgery convictions were

20 | admissible for impeachment. *Id*. at 486.

21 | Amiri also contends that "[t]he introduction of [his] prior convictions would also violate his

22 | Sixth Amendment right to a fair trial and his Fifth Amendment due process rights." Motion at 3. But no

23 | court of which the United States is aware has held that the application of Federal Rule of Evidence 609

24 | violates a defendant's constitutional rights. To the contrary: the Supreme Court has explained that

25 | "state and federal rulemakers have broad latitude under the Constitution to establish rules" of evidence.

26 | *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

27 | If Amiri testifies, the United States will seek to establish only the essential facts of his

28 | convictions—the names of the offenses, the time periods during which Amiri committed the offense,

U.S. RESPONSE TO AMIRI MOT. IN LIMINE 4          3
23-CR-269-JSW

1  and the date of the convictions. *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977) (cross-

2  examination with a prior felony is "confined to a showing of the essential facts of convictions, the nature

3  of the crimes, and the punishment"); *United States v. Robinson*, 8 F.3d 398, 409 (7th Cir. 1993) (under

4  Rule 609, the "examination must be limited to whether the defendant had previously been convicted of a

5  felony, to what that felony was and to when the conviction was obtained"). The government also

6  proposes that the Court instruct the jury, pursuant to Ninth Circuit Model Criminal Jury Instruction 3.6,

7  that they may consider evidence of the prior convictions only as they "may affect the defendant's

8  believability as a witness," and not as "evidence of guilt of the crime for which the defendant is now on

9  trial."

10  **II.    Conclusion**

11         For the foregoing reasons, Amiri's motion in limine should be denied.

12

13  DATED:  January 22, 2025                    Respectfully submitted,

14                                             ISMAIL J. RAMSEY
                                               United States Attorney
15

16
                                                     _____/s/_____
17                                             ERIC CHENG
                                               AJAY KRISHNAMURTHY
18                                             ALETHEA SARGENT
                                               ALEXANDRA SHEPARD
19                                             Assistant United States Attorneys

20

21

22

23

24

25

26

27

28