UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER REQUIRING DAUBERT HEARING ON GOVERNMENT'S MOTION IN LIMINE REGARDING TESTIMONY OF ROBERT MCFARLANE**<br><br>Re: Dkt. No. 321 |

The Government seeks to exclude Robert McFarlane, whom Defendant Devon Wenger has proffered as an expert on video evidence. For the reasons set forth below, the Court concludes that a hearing is required before it can issue a final ruling on the Government's motion.

## BACKGROUND

On December 2, 2024, counsel for Wenger served the Government with a notice pursuant to Fed. R. Crim. P. 16(a)(1)(G). (Dkt. No. 328-3, "McFarlane Rule 16 Notice.") The McFarlane Notice states that Mr. McFarlane "can testify to the creation of a synchronized audio and video matrix containing five BWC [body-worn camera] video files." (*Id.* at 2.) Mr. McFarlane further "will testify to an image content analysis and an analytic chronology of events." (*Id.*)

The "image content analysis" appears to be "adding captions and a command count" to the BWC videos produced by the Government. (Dkt. No. 328, Opp., at 2:1-2.) The result is what Wenger terms an "enhanced exhibit." (*Id.* at 2:21.)

Mr. McFarlane has been employed as a forensic video analyst with Digital FVA, LLC since 2019. (McFarlane Rule 16 Notice, Attachment 1, *Curriculum Vitae*, at 1.) Prior to joining Digital FVA, LLC, Mr. McFarlane was an Investigator, Video Technician, Video Analyst, and Litigation Support with Rains Lucia Stern St. Phalle & Silver, PC for 10 years. (*Id.*) Between

1992 and 2004, Mr. McFarlane was a Police Officer and Investigator with the Oakland Police Department. (*Id.* at 2.) He holds a Bachelor of Science degree in Criminal Justice Management from Union Institute and University in Cincinnati, Ohio and has taken numerous courses relating to digital forensics. (*Id.* at 3-7.)

The Government objects that the exhibit and McFarlane's testimony are not sufficiently reliable and would not assist the trier of fact. Wenger responds with the conclusory statement that McFarlane's methodology "is testable, has a known error rate, is subject to peer review, and is generally accepted by experts in the field" of "forensic video analysis." (Opp. at 3:11-13; *id.* at 3:4.)

## ANALYSIS

**A.    Legal Standard on a Motion to Exclude Expert Testimony.**

Under Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.[1] The proponent of the expert testimony must demonstrate to the court, by a preponderance of the evidence, that the testimony meets the admissibility requirements of the rule. *Id.*

The Court must determine whether the expert testimony is (1) reliable, and (2) relevant.

---

[1] In December 2023, the Advisory Committee amended Rule 702 "to clarify and emphasize" the role of the court as a gatekeeper. Fed. R. Evid. 702, advisory committee's note to 2023 amendment. The amendment is "not intended to be a 'seachange' in the performance of the Court's 'gatekeeper' function." *Reflex Media, Inc. v. SuccessfulMatch.com*, -- F. Supp. 3d --, No. 20-CV-06393-JD, 2024 WL 4903267, at *1 (N.D. Cal. Nov. 26, 2024). Accordingly, pre-2023 authority remains applicable. *Id.*

2

*United States v. Holguin*, 51 F.4th 841, 864 (9th Cir. 2022) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. A trial court is not required "to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 158 (1999) (quoting *General Elec. Co. v. Joiner*, 552 U.S. 136, 146 (1997)).

"Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citation omitted). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). Simply put, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether [their] testimony has substance such that it would be helpful to a jury." *Id.* at 969-70.

**B.      Discussion.**

The Government argues that the McFarlane Rule 16 Notice is deficient because it did not include the matrix video; explain the content of Mr. McFarlane's intended testimony; explain the methodology Mr. McFarlane employed to create the matrix; state whether any specialized knowledge was involved; or set forth how his testimony and matrix would assist the trier of fact. Wenger responds that the matrix is not untimely because the Court permitted later disclosure in its initial ruling on the motion. As to the remainder of the arguments, Wenger responds that the Government's objection wrongfully singles out omission of certain irrelevant video files. This statement is difficult for the Court to understand as it is not directly responsive to the Government's objection.

The Court's **tentative** view is that a composite video matrix may assist the jury, but that Wenger has not met his burden to demonstrate that the matrix is reliable. The Court's tentative view is further that the opinion testimony would not cover the type of specialized knowledge that is beyond the ken of the average juror. *See, e.g.*, *United States v. Vera*, 770 F.3d 1232, 1241-49

3

(9th Cir. 2014). In particular, the Court is not convinced that adding partial captions to the videos assists the jury given the jurors' anticipated opportunity to watch and listen to the videos for themselves. However, on the existing record, the Court cannot determine whether Mr. McFarlane's testimony would be sufficiently reliable or specialized.

Accordingly, the Court concludes that a *Daubert* hearing is warranted. In an effort to streamline testimony, by no later than Thursday, February 27, 2025, Wenger shall file a proffer of Mr. McFarlane's testimony on the categories identified above. The proffer shall include the specific bases and reasons on which Mr. McFarlane relies for each opinion. The Court also requests supplemental briefing from Wenger setting forth his best argument about why, within the specific context of this trial, Mr. McFarlane's opinions are matters of specialized knowledge that will assist the trier of fact.

The Government may file a response by Monday, March 3, 2025. Unless the parties object, the Court intends to set the hearing for its regular criminal calendar on March 4, 2025.

Because it is unlikely that the Court will be able to resolve this issue before opening statements, Wenger shall not refer to testimony that he expects to elicit from Mr. McFarlane.

## CONCLUSION

For the foregoing reasons, the Court HEREBY SETS a hearing pursuant to Rule 702 for March 4, 2025, at 1:00 p.m. The Court further rules as follows:

- The parties shall file any objection to the hearing date by the end of the day today, February 25, 2025. Any such objection shall be accompanied by a proposed alternate briefing and hearing schedule.
- Wenger shall file his proffer by February 27, 2025.
- The Government shall respond by March 3, 2025.
- The parties shall not refer to Mr. McFarlane's testimony during opening statements.

**IT IS SO ORDERED.**

Dated: February 25, 2025

_____
JEFFREY S. WHITE
United States District Judge

4