UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER TO SHOW CAUSE WHY TRIAL TRANSCRIPT AND ORDER SHOULD NOT BE UNSEALED**<br><br>Re: Dkt. Nos. 350, 361 |

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). When a court record is "more than tangentially related" to the disposition of the case, the party seeking sealing must "articulate compelling reasons supported by specific factual findings" to overcome the public's interest in access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Here, the Court sealed the transcript and order relating to Defendant Devon Wenger's motion for mistrial in order to preserve the privacy of his attorney, Nicole Lopes, at Lopes' request. (Dkt. Nos. 350, 361.)

Codefendant Morteza Amiri requests that the record be unsealed, and the Government does not object. The Court is inclined to unseal the records because Lopes may have (1) given up her right to privacy, and (2) committed violations of her professional responsibility obligations through subsequent public commentary on the trial, and in particular through her statements regarding the mistrial. The Court also finds unsealing may be necessary out of fairness to Amiri, in light of unsolicited comments and questions to Amiri and his counsel following public

statements by Lopes and Wenger.

On March 5, the day of the mistrial, Lopes told radio station KQED: "It was an unexpected outcome. The way the media ran with him and the optics and dynamics of how this whole Antioch story unfolded, it was a very difficult case to present because of that." Samantha Lim & Riley Cooke, *Bay Area Police Conspiracy Trial Shaken Up by Mistrial for 1 of 2 Former Officers*, KQED, (Mar. 5, 2025, 3:30 PM), https://www.kqed.org/news/12029643/bay-area-police-conspiracy-trial-shaken-up-by-mistrial-for-1-of-2-former-officers.

On March 10, 2025, counsel for Amiri informed the Court that Lopes and Wenger had issued a press release celebrating the mistrial and stating, "Through the dedication and relentless advocacy of Nicole, justice ultimately prevailed." (Dkt. No. 382, Trial Tr., at 1376:8-9.) Wenger heavily implied in the same press release that the case against him had been dismissed: "This case was never about justice—it was about silencing me. . . The prosecution lied, withheld evidence, and waged a smear campaign against me. But the government failed." (Dkt. No. 373-3, Instagram post with Press Release.) In the Instagram post, Lopes stated:

> Much of what has been run in the media about Wenger's mistrial was speculation or false due to **the truth being sealed by the court**. While, we are unable to tell the full story - here is our press release. To my LEO family - please share this just ending to another politically motivated prosecution. [American flag emoji]

(*Id.*) (emphasis added).

Following the press release, Amiri and his counsel were contacted by individuals in the law enforcement community asking why Amiri was still in the case and implying that his conduct must necessarily be criminal or worse than that of Wenger. Amiri feared that the social media posts could reach the jury. Counsel for Amiri also objected to Lopes and Wenger's characterization of the Government's conduct, which was "wholly untrue." (Trial Tr., at 1376:20.)

On March 13, 2025, Amiri alerted the Court to another media contact by Lopes and Wenger. On March 12, 2025, Lopes and Wenger appeared on "10-19 The Watch Commander," a YouTube show. Ken Roybal, *10-19 The Watch Commander: Cops in The [sic] News with Nicole Lopes and Rich Lewis*, (Mar. 12, 2025), https://www.youtube.com/watch?v=CHgxqT35I8U. At the time the Court reviewed the video on March 13, 2025, the video had 802 views.

Among the comments made by Lopes in the video were the following:

- Lopes described herself as a "generalized fixer. You name it, I've done it." *Id.* at 16:39.

- Lopes stated that the Government "slept on her" and underestimated her ability to get a favorable outcome for Wenger. *Id.* at 55:00-55:04. She further stated, "Here's the beauty of where Devon is now, and no one saw this coming because everyone thought I was a fucking idiot, and some reporter in the Bay ran that after the mistrial, that there was a mistrial because I, I looked crying and disheveled and a mess leaving court, like all sorts of crazy shit." *Id.* at 55:04-55:10.

- Lopes stated, "I'm still practicing as I was before. All the good stuff. I am ready, willing, and able after I have my much needed R&R from this sucky absolute guerrilla warfare that I've been in with with Mr. Wenger, but no, I'm still where I am. I only made that comment because I had, it didn't make the splash down here but because the Bay area was reporting me as crying and disheveled, that you guys thought I was a bitch now and not about it anymore or something, so I want to make sure that everybody knows that's not the case. If I made it seem that way, no." *Id.* at 1:25:46-1:26:30.

The implication of these comments to the media and to the public are that Amiri is guilty, or at least more culpable than Wenger; that Lopes sought a mistrial strategically and not out of necessity, *i.e.*, based upon her own admitted inability to effectively represent her client; and that the Government engaged in misconduct. These comments were made during the presentation of evidence and jury deliberations as to Amiri, without concern for their potential impact on Amiri's right to a fair trial.

The Court tentatively finds that the public's interest in access, and Amiri's interest in a complete record, outweighs Lopes' privacy interest. The Court therefore ORDERS Lopes to SHOW CAUSE why the order at Dkt. No. 350 and transcript at Dkt. No. 362 should not be unsealed. Lopes shall file a response, in writing and supported by a declaration, no later than March 20, 2025.

**IT IS SO ORDERED.**

Dated: March 14, 2025

_____
JEFFREY S. WHITE
United States District Judge

3