1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ERIC CHENG (CABN 274118)
   AJAY KRISHNAMURTHY (CABN 305533)
5  ALEXANDRA SHEPARD (CABN 205143)
   Assistant United States Attorneys
6
        1301 Clay Street, Suite 340S
7       Oakland, California 94612
        Telephone: (510) 637-3680
8       FAX: (510) 637-3724
        Eric.Cheng@usdoj.gov
9       Ajay.Krishnamurthy@usdoj.gov
        Alexandra.Shepard@usdoj.gov
10
   Attorneys for United States of America
11
                       UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                            OAKLAND DIVISION
14

15  UNITED STATES OF AMERICA,           )   Case No. CR 23-00269 JSW
                                        )
16        Plaintiff,                    )   **UNITED STATES' MOTION TO EXCLUDE**
                                        )   **TIME UNDER THE SPEEDY TRIAL ACT AND**
17     v.                               )   **[PROPOSED] ORDER**
                                        )
18  DEVON CHRISTOPHER WENGER,           )
                                        )
19        Defendant.                    )
                                        )
   _____     )
20

21        The United States moves the Court to exclude time under the Speedy Trial Act from March 5,

22  2025 through March 25, 2025 based on the complexity of the case, for effective preparation of counsel

23  and continuity of counsel, and to avoid the miscarriage of justice.

24  **I.    Background**

25        On March 5, 2025, Defendant Wenger's counsel, Nicole Lopes, moved the Court to declare a

26  mistrial on the grounds that she was unable to provide effective assistance of counsel to her client.  The

27  Court heard argument from the parties and, over the government's objection, granted the motion for a

28  mistrial as to Wenger only.  Dkt. 350, 352.  Trial continued for co-defendant Morteza Amiri following

                                            1

1   his motion for severance, and he was found guilty on two counts on March 14, 2025.  Dkt. 352, 390.

2        On March 14, 2025, this Court ordered the government and Wenger to file a joint status report

3   on whether the government intends to retry Wenger, and to identify possible dates for a retrial in the

4   summer of 2025.  Dkt. 393.  The government will advise the Court in the joint status report that it

5   intends to retry Wenger.  To that end, on March 17, the undersigned counsel for the United States

6   requested to meet and confer with Ms. Lopes about possible trial dates in the summer of 2025.  On

7   March 18, Ms. Lopes advised the government that her client would not waive time and intends to invoke

8   his right to a speedy trial.

9        Wenger is also scheduled for trial in a related case alleging the illegal distribution of steroids, 23-

10   CR-0268, on April 28, 2025.  He is represented in that case by a different lawyer.  The government's

11   case-in-chief is expected to last for approximately two days.  23-CR-00268 JSW, Dkt. 156 at 6.

12 **II.    Applicable Law**

13        Under the Speedy Trial Act, "[i]f the defendant is to be tried again following a declaration by the

14   trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence

15   within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e).

16        Under this provision of the Speedy Trial Act, the Court may exclude time for the reasons listed

17   18 U.S.C. § 3161(h).  Those reasons include, among others, excluding time to avoid a miscarriage of

18   justice, due to the complexity of a case, and/or  for effective preparation and continuity of counsel.  18

19   U.S.C. § 3161(h)(7)(B)(i), (ii) & (iv).

20        The date of the mistrial is the "action occasioning retrial" which starts a new 70-day countdown

21   clock under the Speedy Trial Act.  *United States v. Pitner*, 307 F.d 3d 1178, 1182 and fn. 3 (9th Cir.

22   2002) (clarifying that the declaration of mistrial, rather than the setting of a new trial date following a

23   mistrial, starts the countdown clock).

24 **III.    Argument**

25        The Court should exclude time under the Speedy Trial Act from March 5, 2025 through March

26   25, 2025 based on the complexity of the case, for effective preparation of counsel and continuity of

27   counsel, and to avoid the miscarriage of justice.  Without any exclusions, trial must commence by May

28   2025 (before the summer of 2025).

1    The Court previously designated this case as "complex" within the meaning of 18 U.S.C.

2  § 3161(h)(7)(B)(ii), Dkt. 91, and excluded time on that basis through the original trial date, February 17,

3  2025, Dkt. 101.  The parties, including Wenger, stipulated to the complex case designation and agreed

4  that it was "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself

5  within the time limits established by" the Speedy Trial Act, and that time should be excluded through

6  trial under the Speedy Trial Act.  Dkt. 99.  When the Court reset the trial date to March 3, 2025, the

7  Court further excluded time through March 3 based on the complexity of the case.  Dkt. 215.  Here, the

8  Court should continue to exclude time when a new trial date is set for Wenger due to the complexity of

9  the case.

10    In the meantime, the government seeks an order excluding time between the date of the mistrial,

11  March 5, 2025 and the upcoming status conference, March 25, 2025 for effective preparation and

12  continuity of counsel, and to avoid the miscarriage of justice.  It appears that Wenger intends for Ms.

13  Lopes to continue to represent him in the upcoming -269 trial.  Given the basis for the Court's

14  declaration of a mistrial, however, it would be appropriate for the Court to exclude time for effective

15  preparation of counsel and continuity of counsel, and to avoid the miscarriage of justice, until a future

16  trial date is set.  *See* 18 U.S.C. § 3161(h)(7)(B)(i) & (iv).  This is especially true because the prior trial

17  was interrupted—at significant cost to the public, the Court, the defendant, and the government—

18  because of Ms. Lopes's claim that she was unable to effectively represent Wenger.  There is therefore a

19  significant interest in ensuring that no similar interruption happens during the defendant's retrial, and

20  that counsel for Wenger has sufficient time to prepare Wenger's defense.

21    Accordingly, the ends of justice served by excluding the time from March 5, 2025 through

22  March 25, 2025 from computation under the Speedy Trial Act outweigh the best interests of the public

23  //

24  //

25  //

26  //

27  //

28  //

1   and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).[1]

2

3   DATED:  March 19, 2025                              Respectfully submitted,

4                                                       PATRICK D. ROBBINS
                                                        Acting United States Attorney
5

6
                                                        _____/s/_____
7                                                       ERIC CHENG
                                                        AJAY KRISHNAMURTHY
8                                                       ALEXANDRA SHEPARD
                                                        Assistant United States Attorneys
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28   [1] The government also anticipates requesting an exclusion of time relating to the trial in the -268
matter, should the matter proceed as scheduled.  18 U.S.C. § 3161(h)(1)(B).

1

**[PROPOSED] ORDER**

2      Based upon the representations made by counsel for Devon Wenger to the Court on the record on

3   March 5, 2025, as detailed in the Court's under-seal order declaring a mistrial, Dkt. 350, and for good

4   cause shown, the Court finds that failing to exclude the time from March 5, 2025 through March 25,

5   2025 would unreasonably deny defense counsel and the defendant the reasonable time necessary for

6   effective preparation, taking into account the exercise of due diligence, and would also unreasonably

7   deny the defendant continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that

8   excluding the time from March 5, 2025, through March 25, 2025 would avoid the miscarriage of justice.

9   18 U.S.C. § 3161(h)(7)(B)(i).

10      The Court further finds that it previously designated this case as complex due to the number of

11   defendants, nature of the prosecution, and/or the existence of novel questions of fact or law, rendering it

12   unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time

13   limits established by the Speedy Trial Act, and that failing to exclude the time from March 5, 2025,

14   through March 25, 2025 would therefore unreasonably deny defense counsel and the defendant the

15   reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16   18 U.S.C. § 3161(h)(7)(B)(ii) & (iv).

17      The Court further finds that the ends of justice served by excluding the time from March 5, 2025

18   through March 25, 2025 from computation under the Speedy Trial Act outweigh the best interests of the

19   public and the defendants in a speedy trial.

20      Therefore, IT IS HEREBY ORDERED that the time from March 5, 2025 through March 25,

21   2025 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A),

22   (B)(i), (ii) & (iv).

23      **IT IS SO ORDERED.**

24

25   DATED: _____      _____

                          Honorable Jeffrey S. White
26                          United States District Judge

27

28