Kasey A. Castillo, Esq. [SBN 236690]
**KC LAW GROUP**
31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, California 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Michael D. Schwartz, Esq. [SBN 166556]
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

Attorneys for Defendant,
DEVON CHRISTOPHER WENGER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>vs.<br><br>DEVON CHRISTOPHER WENGER,<br><br>*Defendant*. | Case No.: 4:23-CR-00269-JSW<br>Hearing Date: June 24, 2025<br>Judge Presiding: Hon. Jeffrey S. White<br><br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALLOW ADMISSION INTO EVIDENCDE OF CO-DEFENDANT'S ACQUITTAL FOR IMPEACHMENT OF GOVERNMENT'S WITNESS** |

**TO:   THIS HONORABLE COURT AND ALL COUNSEL OF RECORD**

**I.      NOTICE AND INTRODUCTION**

The government may seek to preclude any reference to the prior acquittal of Co-Defendant Amiri on the charged conspiracy. While Defendant Wenger agrees that the acquittal may not be introduced as substantive evidence of innocence, Wenger opposes a blanket exclusion to the extent it would preclude impeachment of a third cooperating witness, Mr. Rombough, who claims the existence of the very conspiracy a jury has previously rejected.

1

As argued below, this Court should not categorically exclude Amiri's acquittal, but instead reserve judgment until trial when the Court can assess whether the evidence may become relevant for impeachment purposes, such as rebutting inconsistent or speculative testimony by the cooperating witness.

## II. ARGUMENT

### A. Judicial Notice May Be Taken of the Fact of Acquittal

Under FRE 201(b), the Court may take judicial notice of a prior acquittal as a matter of public record not subject to dispute. While Wenger does not intend to introduce the legal effect of the acquittal, the fact that a jury, after trial, rejected the government's conspiracy theory as to Co-Defendant Amiri may have impeachment value if the cooperating witness, Mr. Rombough, testifies inconsistently with the factual circumstances underlying that verdict, or the resultant verdict itself.

### B. Impeachment of a Cooperating Witness Permits Exploration of Contradictory Accounts

Mr. Rombough is expected to testify that Defendant entered into a conspiracy with both he and the previously acquitted co-defendant, Mr. Amiri. If the government permits this testimony, it necessarily opens the door to rebuttal evidence demonstrating that the conspiracy theory involving that co-defendant has already been rejected by a jury after full presentation of evidence.

This is not offered for the truth of the matter asserted (i.e., that no conspiracy existed), but to show that the witness's current testimony is inconsistent with prior adjudicated facts, thus casting doubt on the reliability and credibility of the witness. See *United States v. Abel*, 469 U.S. 45, 51 (1984) (bias and credibility are always proper subjects for impeachment).

### C. Rule 403 Balancing Should Be Conducted at Trial

The government's argument under Rule 403 is premature. There is no basis for a blanket preclusion at this stage. The Court can always issue a limiting instruction and evaluate admissibility during the testimony, particularly if the cooperating witness overreaches or attempts to characterize the conspiracy in ways that contradict the known outcome of the prior case.

///

///

///

2

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALLOW ADMISSION INTO EVIDENCDEOF CO-DEFENDANT'S ACQUITTAL FOR IMPEACHMENT OF GOVERNMENT'S WITNESS

III.     CONCLUSION

Defendant Wenger does not intend to introduce the prior acquittal as substantive evidence. However, this Court should not exclude it categorically but instead allow the defense to raise the issue for impeachment, if the cooperating witness offers testimony inconsistent with the established verdict or makes generalized claims about the conspiracy involving all parties. The Court should evaluate admissibility on during trial with the aid of limiting instructions as needed.

Dated: May 29, 2025

Respectfully submitted,

**KC LAW GROUP**

_/s/ Kasey Castillo_
Kasey A. Castillo, Esq.
State Bar Number: 236690
31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, California 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Michael D. Schwartz, Esq.
State Bar Number: 166556
THE MICHAEL SCHWARTZ FIRM
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

Attorneys for Defendant,
DEVON CHRISTOPHER WENGER