Kasey A. Castillo, Esq. [SBN 236690]
**KC LAW GROUP**
Mail: 31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA  92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Michael D. Schwartz, Esq. [SBN 166556]
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

*Attorneys for Defendant.*
DEVON CHRISTOPHER WENGER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   )<br>                    Petitioner, )<br>   )<br>           v.      )<br>   )<br>DEVON CHRISTOPHER WENGER, )<br>   )<br>                    Respondent. )<br>   )<br>_____ ) | Case No.: 4:23-CR-00269-JSW<br>Hearing Date: June 30, 2025<br>Judge Presiding: Hon. Jeffrey S. White<br><br>**DEFENDANT'S REPLY TO RESPONSE TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL** |

**TO THE HONORABLE COURT AND COUNSEL OF RECORD**:

Defendant Devon Christopher Wenger, by and through undersigned counsel, hereby submits this Reply to the Government's Opposition to Defendant's Motion to Continue Trial. Respectfully, the Government's opposition reads less like a genuine assessment of legal and constitutional considerations and more like a premature victory lap from a party inconvenienced by due process. The Government's refusal to acknowledge the substantial constitutional rights at stake—let alone its own role in contributing to this procedural congestion—is telling.

///

1

### I. THE GOVERNMENT'S OPPOSITION IS PREDICATED ON FICTIONAL DILIGENCE AND OMITS KEY CONSTITUTIONAL PRINCIPLES

**A. The Government's Diligence Lecture Rings Hollow Given Its Own Late Disclosures.**

It is ironic that the Government—having had unfettered access to its evidence and strategy for over eighteen months—now faults defense counsel, who was appointed just over two months ago, for not performing a miracle of preparation. What the Government glosses over is that critical discovery was produced after May 6, 2025—including forensic extractions, body-worn camera (BWC) reprocessed audio, expert notices, and witness communications. The Government even concedes in its own filing that key disclosures occurred as late as June 4 and June 10—just weeks before the scheduled trial and well after the Court's May 30 motion deadline. See Gov't Opp. at 4–5.

Courts have not been so forgiving of such gamesmanship. In *United States v. Garrett*, 179 F.3d 1143, 1147–48 (9th Cir. 1999), the Ninth Circuit held that denial of a continuance constituted reversible error where newly appointed counsel lacked adequate time to digest discovery and secure expert testimony. This is not "delay for delay's sake." It is a constitutionally grounded necessity.

**B. The Government's Claim That Counsel Knew the Case Well Enough Is Nonsensical and Dangerous.**

The Government seems to argue that defense counsel's awareness of the issues—such as the need to litigate expert video analysis or forensic phone evidence—somehow counts against the need for time to prepare. This assertion ignores the basic tenets of the Sixth Amendment. Awareness of issues does not equal preparation. Identifying the need for expert testimony is not the same as consulting, retaining, preparing, and disclosing such experts. This process is neither instantaneous nor superficial.

As *Washington v. Texas*, 388 U.S. 14, 19 (1967) makes clear, the right to call witnesses is meaningless without the time to secure them. Likewise, in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the Court emphasized that "reasonably effective assistance" requires adequate preparation. The Government's superficial argument that a defense attorney who can identify issues doesn't need time prepare those issues and accompanying evidence and witnesses for litigation them is specious and more than disingenuous.

///

///

**C. "You Should Use the Old Trial" Is Not a Substitute for Constitutional Due Process.**

The Government repeatedly implies that transcripts from the prior mistrial should suffice as basically a script for the present trial. This argument is not only constitutionally insufficient—it's audacious. The last trial resulted in a mistrial due to ineffective assistance of counsel; it would therefore be perverse to suggest the solution here is to simply mimic that same deficient preparation and approach. Indeed, the mistrial was based on exactly the kind of unprepared advocacy the Government now seems to champion.

Defense counsel has a duty to chart its own strategic course and develop an independent defense. See *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983); *United States v. Nguyen*, 262 F.3d 998, 1002 (9th Cir. 2001). The Government's suggestion that the Defense recycle transcripts like pre-owned clothing is not only glib—it is legally baseless.

## II. DEFENSE HAS ACTED DILIGENTLY UNDER CONSTITUTIONALLY IMPERFECT CONDITIONS

The Government's favorite refrain—"Defense didn't download files fast enough"—is not a basis for denying a constitutional right. Defense counsel diligently pursued discovery, sought expert consultation, and timely moved to extend deadlines when it became clear that preparation could not be completed by August. Download timestamps are not the constitutional standard.

More importantly, the Defense didn't cause this case to be designated complex (it was the Court and the Government who did that on May 28, 2024). Defense counsel didn't delay for sport. They inherited a procedurally fractured case—midstream, post-mistrial, with substantial new and technical evidence—and promptly moved to fix it through proper channels, including formal request for a modest continuance.

## III. THE GOVERNMENT WILL NOT SUFFER PREJUDICE, DESPITE ITS THEATRICS

The Government's only concrete claim of prejudice is a vague reference to victim D.S.'s "transiency." But it provides no declaration, no details of witness unavailability, no impending memory loss, and no proof of jeopardized evidence. Under *United States v. Shipsey*, 363 F.3d 962, 968–69 (9th Cir. 2004), prejudice to the Government requires actual, articulated harm—not speculative inconvenience. The Government's reference to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(7), is similarly non-

DEFENDANT'S REPLY TO RESPONSE TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL

dispositive. That statute does not override the Sixth Amendment. It supplements—not supplants—defendant's constitutional rights.

### IV. DENIAL OF A CONTINUANCE WOULD CREATE STRUCTURAL ERROR

Defense request for a modest continuance is not a scheduling dispute—it is a constitutional warning flare. Denying this continuance would deprive the Defendant of "the right to have the effective assistance of counsel," and, as the Supreme Court made clear in *United States v. Cronic*, 466 U.S. 648, 659 (1984), structural error occurs where defense counsel is unable to function. That is the risk the Government invites. A trial conducted under such constraints would not withstand appellate scrutiny.

The Government argues Wenger's team "should have been ready" and then points to a smattering of CVs and witness lists to suggest readiness—but nowhere does it explain how, in a matter of weeks, defense counsel should retain, prepare, and litigate expert testimony on forensic phone data and use-of-force video analysis. In *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995), the Ninth Circuit reversed where new counsel was forced into trial unprepared. That is precisely the fact-pattern being replayed here.

///

///

///

///

///

## V. CONCLUSION: DUE PROCESS IS NOT A LUXURY; IT IS A RIGHT

This Court has a duty not to "arbitrarily insist upon expeditiousness in the face of a justifiable request for delay." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). The Government's opposition is less a rebuttal of that principle and more a hope that the Court will ignore it.

The Defense requests nothing extraordinary—only that the defendant's constitutional rights be honored, that trial preparation be real, and that the adversarial process be meaningful. For those reasons, the Defense respectfully asks this Court to grant a short, reasonable continuance to early September, and to reject the Government's attempt to bulldoze constitutional safeguards under the guise of punctuality.

Respectfully submitted,

_____/s/_____
Kasey A. Castillo, Esq.
CA State Bar Number: 236690
**KC LAW GROUP**
31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

_____/s/_____
Michael D. Schwartz, Esq.
CA State Bar Number: 166556
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

*Attorneys for Defendant,*
DEVON CHRISTOPHER WENGER