UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER REGARDING COURT'S INTENDED VOIR DIRE** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: The Court HEREBY ADVISES the parties of the Court's intended voir dire. The parties shall file any objections to the Court's intended voir dire by July 14, 2025.

**VOIR DIRE**

The Court will read the statement of the case:

This is a criminal case brought by the United States government against defendant Devon Wenger. Defendant Wenger is charged with conspiring with other law enforcement officers to violate the civil rights of individuals, in or near Antioch, California, through the use of unreasonable force. Defendant Wenger is also charged with an individual violation of civil rights through his use of unreasonable force. During the relevant time period, Defendant Wenger was a police officer with the Antioch Police Department.

Specifically, the government alleges that, Defendant Wenger took part in a conspiracy with Morteza Amiri, Eric Rombough, and other law enforcement officers that lasted from at least 2019 to 2022 to use unreasonable force against individuals in or near Antioch, California. The government alleges that, as part of the conspiracy, the defendant agreed with his co-conspirators to use unreasonable force; communicated about using unreasonable force with his co-conspirators; and encouraged his co-conspirators to use unreasonable force, including as punishment; among

other things. The government also alleges that Defendant Wenger used unreasonable force on D.S. on or about October 26, 2021.

These are only allegations. Defendant Wenger has denied the charges and pleaded not guilty. Defendant Wenger is presumed innocent of all charges. The United States government must prove each charge against Defendant Wenger beyond a reasonable doubt.

## QUESTIONS FOR PANEL

Knowledge of Court, Parties, and Potential Witnesses

1. My name is Jeffrey S. White. My law clerks are Kristin Ring, Daisy Salzman, and Hayley Landman, and my Courtroom Deputy is Nicole Hall. Do any of you know me or any of my staff?

2. The United States is represented in this case by Eric Cheng, Ajay Krishnamurthy, Alethea Sargent, and Alexandra Shepard. They may be joined at counsel table by Munmeet Kular, Krystal Templin Martinelli, and Thuy Zoback. Do any of you know counsel for the United States?

3. Mr. Wenger is represented in this case by Michael Schwartz and Kasey Castillo. They may be joined at counsel table by John Hagan, Katie Cappuccio, Robert McFarlane, Robert Dean, Yitz Frankel, and Elie Eisenberg. Do any of you know counsel for Mr. Wenger, or anyone at his counsel table?

4. The parties may call a number of individuals to be witnesses during this trial. Do any of you know or are you familiar with any of the following individuals who may be witnesses in this case? **[the Court will read and display the witness list]**

5. Based on these names and any other information that you possess, do you know anyone who may be involved in this case?

6. Do any of you recognize or know any other individuals in the jury panel?

Questions Regarding the Government and Judicial System

7. This is a prosecution brought by the United States federal government against the defendant. Do you have any positive or negative feelings or opinions about the United States

federal government, in general?

    a. If so, please tell us about your feelings and opinions and if you believe they might affect your ability to be fair and impartial.

8. Have you ever testified in court?

    a. Was the case criminal or civil?

    b. In what capacity did you testify – as a witness, victim, defendant, expert, or other?

    c. Is there anything about this experience that might affect your ability to be a fair and impartial juror in this case?

9. Do you have any feelings regarding the criminal justice system that might affect your ability to consider the evidence in this case fairly and impartially, and to base your verdict only on the evidence presented in this case?

10. Have you had any legal training?

<u>Questions Regarding Law Enforcement</u>

11. Have you ever worked for, or in close association with, any court, law enforcement agency, or for any prosecutor's or criminal defense office, including a district attorney's office, United States Attorney's Office, probation or parole office, or a private criminal defense attorney's office?

    a. Is there anything about your experience or association that would affect your ability to be a fair and impartial juror in this case?

12. Do any of your family or close friends work for any of the above-mentioned offices?

    a. Is there anything about your experience or association that would affect your ability to be a fair and impartial juror in this case?

13. Have you had any training in law enforcement?

    a. Is there anything about your experience that would affect your ability to be a fair and impartial juror in this case?

14. Have you or any of your close friends or relatives ever been arrested, charged, or

3

convicted of any crime?  (You may ask to approach the bench to answer this question if you prefer)

      a. Is there anything about your experience that would affect your ability to be a fair and impartial juror in this case?

15. Have you or any close friends or relatives been a victim of a crime? If yes,

      a. What type of crime? (You may ask to approach the bench to answer this question if you prefer.)

      b. If reported to law enforcement, what agency?

      c. Was anyone arrested and/or charged with a crime?

      d. How did you feel law enforcement officers, prosecutors, defense attorneys, and the courts handled the incident?

      e. Is there anything about your experience that would affect your ability to be a fair and impartial juror in this case?

16. Do you have any positive or negative feelings about local law enforcement (*i.e.*, the police) that might affect your ability to be a fair and impartial juror in this case?

17. Do you have any positive or negative feelings about federal law enforcement (e.g., the FBI) that might affect your ability to be a fair and impartial juror in this case?

18. This is a case against a defendant who was an officer with the Antioch Police Department.  Having heard the description of the case that I have read to you, is there anything about the nature of this case that would prevent you from being a fair and impartial juror?

19. Have you recently followed any cases, news, or other media that involve criminal charges or prosecutions against law enforcement, including the Antioch or Pittsburgh Police Departments?

      a. If so, do you think you could make any determination in this case based solely on the evidence that is presented in court?

20. Federal law prohibits the willful use of excessive or unreasonable force by the police or other law enforcement officers.  Do you have any concerns about this law that would cause you to be unfair to any party in this case?

4

Duty of Jurors

21.   The Court will instruct you on the law, and as a juror you must apply the law as it is explained to you by the Court, even if you believe the law should be different.  Does anyone believe that they will be unable to follow this instruction?  If so, please explain.

22.   The defendant is presumed innocent until proven guilty by the prosecution beyond a reasonable doubt.  Does the fact that the defendant has been charged with crimes and must now stand trial affect your view about whether or not the defendant is presumed innocent?

23.   Does anyone think that simply because the defendant is here he must have done something wrong?

24.   The defendants in a criminal case have a Constitutional right not to testify or even put on a defense.  Would you hold it against the defendant if he did not testify or put on a defense?

25.   If after hearing all the evidence, you believe the prosecution has proved that a defendant is guilty beyond a reasonable doubt, would you have any trouble voting to convict the defendant?

Punishment and Sympathy

26.   Do you have any personal reservations about sitting in judgment of another person and returning a verdict?

27.   Do you have any reservations about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

28.   If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence presented in this case and on the law as the Court instructs you on it, will you be able to follow that instruction?

29.   If you are selected as a juror in this case, you must hear the evidence, deliberate with your fellow jurors, and apply the law as the Court instructs you on it without speculating about whatever punishment may or may not be imposed in this case.  Is there anyone who believes they will be unable to do so?

30.   Having heard all of the questions I have posed, and having heard the responses of other panelists, can any of you think of any other reason as to why you could not sit on this jury

1    and render a fair verdict based on the evidence presented to you and in the context of the
2    instructions I will give to you on the law?
3        31.    Do any of you have anything that you would like to bring to the Court's attention
4    (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial
5    problems, etc.) that you did not include in response to your jury questionnaire that might affect
6    your ability to be an effective, fair, and impartial juror in this case? (You may ask to approach the
7    bench to answer this question if you prefer.)

**IT IS SO ORDERED.**

Dated: June 30, 2025

JEFFREY S. WHITE
United States District Judge