UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER REGARDING COURT'S INTENDED GENERAL JURY INSTRUCTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: The Court HEREBY ADVISES the parties of the Court's proposed general jury instructions to be given as needed throughout the course of trial. Any objections to these instructions shall be due by no later than July 14, 2025.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
JEFFREY S. WHITE
United States District Judge

Contents

1.    **CAUTIONARY INSTRUCTION—FIRST RECESS** ....................................................... 3

2.    **STIPULATED TESTIMONY** ........................................................................................ 4

3.    **STIPULATIONS OF FACT** .......................................................................................... 5

4.    **OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT** .......................................... 6

5.    **EVIDENCE FOR A LIMITED PURPOSE** ..................................................................... 8

6.    **DISPOSITION OF CHARGE AGAINST CODEFENDANT** ........................................... 9

7.    **STATEMENTS BY DEFENDANT** ............................................................................. 10

8.    **OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT** ........................................ 11

9.    **IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT** ...................................... 12

10.    **CHARACTER OF VICTIM** ...................................................................................... 13

11.    **IMPEACHMENT EVIDENCE – WITNESS** ............................................................... 14

12.    **TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA** ............................................................... 15

13.    **OPINION EVIDENCE, EXPERT WITNESS** .............................................................. 16

14.    **CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE** ....................... 17

15.    **CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE** ............................... 18

### 1. CAUTIONARY INSTRUCTION—FIRST RECESS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**2. STIPULATED TESTIMONY**

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

### 3.  STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

**4.   OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] [are about to see evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

*or*

[had a motive or the opportunity to commit the acts charged in the indictment;]

*or*

[was preparing or planning to commit the acts charged in the indictment;]

*or*

[acted with a method of operation as evidenced by a unique pattern [*describe pattern*];]

*or*

[did not commit the acts for which the defendant is on trial by accident or mistake;]

*or*

[is the person who committed the crime charged in the indictment.  You may consider this evidence to help you decide [*describe how the evidence will be used to prove identity*];]

*or*

[*describe other purpose for which other act evidence was admitted*.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime[s] charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], he must also have committed the act[s] charged in the indictment.

Remember that the defendant is on trial here only for [*state charges*], not for these other acts. Do not return a guilty verdict unless the government proves the crime[s] charged in the indictment beyond a reasonable doubt.

**5.   EVIDENCE FOR A LIMITED PURPOSE**

You are about to hear evidence that [*describe evidence to be received for limited purpose*].  I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

### 6. DISPOSITION OF CHARGE AGAINST CODEFENDANT

For reasons that do not concern you, the case against codefendants Morteza Amiri and Eric Rombough is no longer before you. Do not speculate why. This fact should not influence your verdicts with reference to the remaining defendant, and you must base your verdicts solely on the evidence against the remaining defendant.

### 7. STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**8. OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**9. IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT**

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

**10. CHARACTER OF VICTIM**

You have heard evidence of specific instances of the victim's character for [*specify character trait*]. You may consider this evidence in determining whether the victim acted in conformance with that character trait at the time of the offense charged against the defendant in this case. In deciding this case, you should consider the victim's character evidence together with and in the same manner as all the other evidence in this case.

**11. IMPEACHMENT EVIDENCE – WITNESS**

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

## 12. TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Eric Rombough, a witness who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of Mr. Rombough, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Rombough with greater caution than that of other witnesses.

**13. OPINION EVIDENCE, EXPERT WITNESS**

You are about to hear testimony from [*name*] who will testify about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**14. CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**15. CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.