CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Alethea.Sargent@usdoj.gov
   Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) Case No. 23-CR-00269 JSW-3 |
|---|---|
| Plaintiff, | ) **UNITED STATES' POCKET BRIEF ON** |
| | ) **DEFENDANT'S SUBPOENA OF** |
| v. | ) **GOVERNMENT EXPERT IJAMES** |
| DEVON CHRISTOPHER WENGER, | ) |
| Defendant. | ) |

    The defendant has subpoenaed the government's expert witness, Steve Ijames, as an expert in their own case in chief. The government objects. The Court has requested that the parties provide a pocket brief on this issue. Dkt. 574.

**Facts**

    The government retained Mr. Ijames as an expert beginning on August 4, 2023, to opine about the D.S. incident. *See* Declaration of Alexandra Shepard In Support of the Government's Objection to Defendant's Subpoena of Government Expert Ijames ¶ 2. The government provided an expert

disclosure signed by Mr. Ijames to the defense on or around October 29, 2024. *Id*. at ¶ 4.

In connection with the trials in this matter, however, the court substantially narrowed the scope of expert testimony in this case during the first pretrial conference:

> [The defendants' expert witnesses] may not testify whether they believe the defendant's use of force was "reasonable," "justified," "not criminal," or "lawful." They may further not testify as to the defendant's mental state or as to any legal standards.
>
> Mr. Glen and Mr. Pfannenstiel may testify regarding general police policies and professional standards of practice but shall not apply the standards to the specific facts of this case. That admonition includes hypotheticals. Counsel may not try to elicit testimony regarding application of general standards to hypotheticals that trap the facts presented by the parties. Counsel may, however, elicit testimony regarding the facts in this case as to whether lesser force alternatives were available in any injuries that they observed.
>
> They may also testify as to the defendant's training or the Antioch Police Department's policies.

*See* Transcript of February 10, 2025 pretrial conference, at 21-22 (attached as Exhibit A to the Shepard Declaration).

In its written order, the Court further clarified: experts may not give improper legal conclusions, testify whether they believe the defendants' use of force was "reasonable," "justified," "not criminal," or "lawful," testify as to the defendants' mental states, or testify about legal standards. Dkt. 305 at 3. Experts "may testify regarding general police policies and professional standards of practice, the Defendants' training, and the Antioch Police Department's policies." *Id*.

In preparing for the current trial, the government decided not to call Mr. Ijames as an expert in its case in chief. However, the government planned to call Mr. Ijames in its rebuttal case should the need arise. Shepard Decl. at ¶ 5. As a courtesy, because the defense included Mr. Ijames' name in their opening slides, the government notified defense counsel on the afternoon of Friday, September 5, that it didn't intend to call Mr. Ijames in its case in chief. *Id*. at ¶ 6. Before 7 a.m. the next day, the defense subpoenaed Mr. Ijames to testify in their case in chief. *Id*. at ¶ 7. Mr. Ijames notified the government that the defense advised him that they would pay all of his fees and expenses to testify.[1] *Id*. at ¶ 8.

---

[1] Mr. Ijames does not take any compensation for expert testimony in criminal cases. Shepard

Brief argument was heard by the Court on September 8, 2025, during which the defense did not appear to suggest in open court that they intended to use him as hostile witness.

**Argument**

The government has thus far not found a case in the criminal context in which an expert noticed by the government or defense was ultimately called not by that party but rather by the opposing party. The government has identified a number of cases in the civil context, but those cases seem to suggest an array of possible standards a court could use to determine the appropriate outcome. See *Altaa Invs., LLC v. Prod. Cap., LLC*, No. 2:22-CV-00498-FWS-MAA, 2023 WL 4157365, at *10 (C.D. Cal. June 7, 2023) (collecting cases). These standards include application of Rule 403; committing the decision to the "sound discretion of the district court"; and "exceptional circumstances." *See id.* (allowing expert where opposing party had shown "there is no expert regarding film finance who can aid the finder of fact on that particular topic). *See also House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 246 (N.D. Iowa 1996) (summarizing standards and determining "discretionary" standard to be appropriate; allowing expert psychiatrist where psychiatrist had personally examined plaintiff).

Multiple courts, however, have expounded upon the extreme prejudice that jurors may assess upon a party if they discover that party has declined to call an expert. *See, e.g., Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996) ("Jurors unfamiliar with the role of counsel in adversary proceedings might well assume that plaintiff's counsel had suppressed evidence which he had an obligation to offer. Such a reaction could destroy counsel's credibility in the eyes of the jury."); *Rubel v. Eli Lilly and Company*, 160 F.R.D. 458, 460 (S.D.N.Y.1995) (describing such a revelation as "explosive"). The government notes that although Mr. Ijames can be compelled to testify, he cannot be compelled to <u>meet</u> with defense counsel in advance of his testimony. That is a decision that must be left to Mr. Ijames alone.

Based on its review of the case law, the government believes that whether or not Mr. Ijames is permitted to testify in the defendant's case as an expert witness is within the Court's discretion. However, if the Court permits Mr. Ijames to testify in the defendant's case in chief, his testimony should

---

Decl. ¶ 2.

be limited to the scope of his expert disclosure.  Anything else is a previously-undisclosed opinion which the Court has already prohibited in connection with two defense experts in this case, James Colley and David DuBay.  *See* Dkt. 540.  Further, the government believes that the Court should prohibit any testimony on Mr. Ijames retention by the government as an expert witness in this case.

DATED:  September 9, 2025              Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/*
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys