UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DEVON CHRISTOPHER WENGER,<br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER RE: COURT'S PROPOSED FINAL JURY INSTRUCTIONS** |

The Court sets forth its intended final jury instructions below, taken from the parties' joint proposed jury instructions.  (*See* Dkt. No. 479.)  The Court uses highlighting to designate instructions, or language within instructions, which it has no current basis to read but which it expects may be appropriate after further presentation of evidence.  The Court has also highlighted proposed Instruction No. 23, Knowingly, which was not proposed by the parties but which the Court believes may aid the jurors during their deliberations.

The Court orders the parties to submit, **by 12:30 p.m. on Tuesday, September 16, 2025**, any objections, including to the sequence in which the instructions are to be given, and suggested revisions to the Court's proposed final jury instructions.

**IT IS SO ORDERED.**

Dated: September 12, 2025

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

# Table of Contents

1.  Duties of Jury to Find Facts and Follow Law .......................................................... 4

2.  Charges Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof .... 5

3.  Defendant's Decision [Not] to Testify ................................................................ 6

4.  Reasonable Doubt – Defined .......................................................................... 7

5.  What Is Evidence ..................................................................................... 8

6.  What Is Not Evidence ................................................................................ 9

7.  Charts and Summaries Not Admitted into Evidence .................................................. 10

8.  Charts and Summaries Admitted into Evidence ...................................................... 11

9.  Stipulations of Fact ................................................................................ 12

10. Direct and Circumstantial Evidence ................................................................ 13

11. Credibility of Witnesses ........................................................................... 14

12. Stipulated Testimony ............................................................................... 16

13. Activities Not Charged ............................................................................. 17

14. Other Crimes, Wrongs, or Acts of Defendant ....................................................... 18

15. Statements by Defendant ............................................................................ 20

16. Impeachment, Prior Conviction of Defendant ....................................................... 21

17. Character of Victim ................................................................................ 22

18. Impeachment Evidence – Witnesses .................................................................. 23

19. Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea ..................................................................................... 24

20. Opinion Evidence, Expert Witnesses ................................................................ 25

21. On or About – Defined .............................................................................. 26

22. Conspiracy Against Rights (18 U.S.C. § 241) ...................................................... 27

2

23. Knowingly ....................................................................................... 29

24. Conspiracy – Knowledge of and Association with Other Conspirators ............................ 30

25. Deprivation of Rights Under Color of Law (18 U.S.C. § 242) ........................................ 31

26. Color of Law ................................................................................................ 32

27. Unreasonable Force ..................................................................................... 33

28. Bodily Injury or Dangerous Weapon ............................................................. 35

29. Willfully ..................................................................................................... 36

30. Policies and Training Evidence ..................................................................... 37

31. Separate Consideration of Single Counts – Single Defendant ............................. 38

32. Duty to Deliberate ...................................................................................... 40

33. Consideration of Evidence – Conduct of the Jury .......................................... 42

34. Use of Notes .............................................................................................. 43

35. Jury Consideration of Punishment ................................................................ 44

36. Verdict Form ............................................................................................. 45

37. Communication with Court .......................................................................... 46

38. Post-Discharge Instruction .......................................................................... 47

United States District Court
Northern District of California

### 1.  Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**2.  Charges Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

### 3. Defendant's Decision [Not] to Testify

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**OR**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

### 4.  Reasonable Doubt – Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### 5.   What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

### 6. What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 7.  Charts and Summaries Not Admitted into Evidence

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 8. Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
Northern District of California

### 9.  Stipulations of Fact

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

**10. Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**11. Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same

event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**12. Stipulated Testimony**

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 13. Activities Not Charged

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**14. Other Crimes, Wrongs, or Acts of Defendant**

You have seen evidence that the defendant used force against individuals other than those alleged in Count Two (Dajon Smith).  When deliberating on Count Two, you may consider this evidence only for the purpose of deciding whether the defendant:

(1)    had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;

(2)    had a motive or the opportunity to commit the acts charged in the indictment;

(3)    was preparing or planning to commit the acts charged in the indictment;

(4)    acted with a method of operation as evidenced by a unique pattern; or

(5)    did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose with respect to Count Two.  However, you may consider this evidence for any purpose with respect to Count One (Conspiracy).

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged in Count Two.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit those crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in Count Two.

Remember that the defendant is on trial here only for conspiracy against rights in violation of Section 241 of Title 18 of the United States Code, and for depriving the rights of Dajon Smith under color of law in violation of Section 242 of Title 18 of the United States Code, not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the

United States District Court
Northern District of California

1    indictment beyond a reasonable doubt.

### 15. Statements by Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

### 16. Impeachment, Prior Conviction of Defendant

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

## 17. Character of Victim

You have heard evidence of specific instances of the victim's character for [*specify character trait*].  You may consider this evidence in determining whether the victim acted in conformance with that character trait at the time of the offense charged against the defendant in this case.  In deciding this case, you should consider the victim's character evidence together with and in the same manner as all the other evidence in this case.

**18. Impeachment Evidence – Witnesses**

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**19. Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea**

You have heard testimony from Eric Rombough, a witness who pleaded guilty to crimes arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of Mr. Rombough, you should consider the extent to which or whether his testimony may have been influenced by this factor.  In addition, you should examine the testimony of Mr. Rombough with greater caution than that of other witnesses.

**20. Opinion Evidence, Expert Witnesses**

You have heard testimony from Darryl Holcombe, Steve Ijames, and Paul Sipe who have testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**21. On or About – Defined**

The indictment charges that the offenses alleged in all counts were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each count, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**22. Conspiracy Against Rights (18 U.S.C. § 241)**

The defendant is charged in Count One of the Indictment with conspiracy against rights in violation of Section 241 of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or about February 2019 and ending in or about March 2022, there was an agreement between two or more persons to injure, oppress, threaten, or intimidate one or more persons in the free exercise or enjoyment of any right or privilege secured to them by the Constitution or laws of the United States.

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

United States District Court
Northern District of California

## 23. Knowingly

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1

### 24. Conspiracy – Knowledge of and Association with Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though the defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

United States District Court
Northern District of California

**25. Deprivation of Rights Under Color of Law (18 U.S.C. § 242)**

The defendant is charged in the Indictment with deprivation of rights under color of law, in violation of Section 242 of Title 18 of the United States Code.  For a defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant acted under color of law.

Second, the defendant deprived an individual of a Constitutional right, in this case, the right to be free from unreasonable seizures, which includes the right to be free from a police officer's use of unreasonable force; and

Third, the defendant acted willfully.

One of the rights or privileges secured to individuals by the Constitution or laws of the United States is the right to be free from unreasonable seizures, which includes the right to be free from a police officer's use of unreasonable force.

31

**26. Color of Law**

A person acts under "color of law" when he acts, or claims to act, under the authority provided by federal, state, or local law.

A government official, such as a police officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

**27. Unreasonable Force**

Under the Fourth Amendment of the Constitution of the United States, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene.

The decision by a police officer to use force shall be evaluated from the perspective of a reasonable officer in the same situation, based on the totality of the circumstances known to or perceived by the officer at the time rather than with the benefit of hindsight.

In determining whether the defendant used unreasonable force in this case, consider all of the circumstances known to the officers on the scene, including:

(1)   the nature of the crime or other circumstances known to the defendant at the time force was applied;

(2)   whether the subject posed an immediate threat to the safety of the defendant or to others;

(3)   whether the subject was actively resisting arrest or attempting to evade arrest by flight;

(4)   the amount of time the defendant had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)   the relationship between the need for the use of force and the amount of force used;

(6)   the extent of the subject's injury;

(7)   any effort made by the officers to temper or to limit the amount of force;

(8)   the severity of the security problem at issue;

(9)   the availability of alternative methods to take the subject into custody;

(10)    the number of lives at risk (motorists, pedestrians, police officers) and the parties'
relative culpability; *i.e.*, which party created the dangerous situation, and which
party is more innocent;

(11)    whether it was practical for the defendant to give warning of the imminent use of
force, and whether such warning was given;

(12)    whether a reasonable officer would have or should have accurately perceived a
mistaken fact; and

(13)    whether there was probable cause for a reasonable officer to believe that the
suspect had committed a crime involving the infliction or threatened infliction of
serious physical harm.

**28. Bodily Injury or Dangerous Weapon**

If you find the defendant guilty as charged in Count Two (Dajon Smith), you must then determine whether the government has proved that Dajon Smith suffered a bodily injury as a result of the defendant's unlawful acts, or, whether the defendant's unlawful acts involved the use, attempted use, or threatened use of a dangerous weapon.

The term "bodily injury" means a cut, abrasion, bruise, burn, disfigurement, physical pain, illness, impairment of a function of a bodily member, organ, or mental faculty, or any other injury to the body, no matter how temporary.

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury.

You will see on the verdict form a question concerning this issue for Count Two. You should consider that question only if you have found that the government has proved the defendant guilty as charged in Count Two.

If you also find that the government has proved beyond a reasonable doubt that Dajon Smith suffered bodily injury as a result, or that the defendant used, attempted to use, or threatened to use a dangerous weapon, then you should answer that question "Yes." If you also find that the government has not proved beyond a reasonable doubt that Dajon Smith suffered bodily injury as a result, or that the defendant used, attempted to use, or threatened to use a dangerous weapon, then you should answer that question "No."

### 29. Willfully

A defendant acts willfully if he acts voluntarily and intentionally with the knowledge that his conduct was unlawful.  In this case, it means that the defendant used force knowing that the force he used was unjustified.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew that he was violating a specific law or constitutional provision.  You may find that the defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved.  You must, however, find that the defendant intended to do that which the Constitution forbids—in this case, that he intended to use more force than was reasonable under the circumstances.

1

**30. Policies and Training Evidence**

2      The government has introduced evidence of policies and training a defendant received at

3   the Antioch Police Department.  This evidence has been admitted for a limited purpose.  You may

4   use it only to determine whether the defendant acted willfully, as I have just described that state of

5   mind to you.

6

7      It is, of course, wholly up to you to determine whether the defendant violated any rule or

8   acted in contravention of their training.  Not every violation of policy or training rises to the level

9   of a federal constitutional violation.  It is possible for a government employee to violate

10  department policy or act contrary to his training without violating the United States Constitution,

11  just as it is possible for a government employee to violate the Constitution without violating a

12  specific policy.  For this reason, proof that a defendant violated policy or acted contrary to training

13  is relevant to your determination of willfulness, but is not relevant to your determination that the

14  defendant violated a victim's constitutional rights.

15

16     In other words, if you determine that the defendant violated a policy of the Antioch Police

17  Department or acted contrary to his training, you should consider that evidence only in

18  determining whether the defendant acted willfully; you should not consider that evidence in

19  determining whether the defendant's actions violated the Constitution in the first instance.

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**31. Separate Consideration of Single Counts – Single Defendant**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

United States District Court
Northern District of California

**REMAINDER OF INSTRUCTIONS TO BE GIVEN AFTER CLOSING ARGUMENTS**

### 32. Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is

40

United States District Court
Northern District of California

1    wrong.

**33. Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**34. Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**35. Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment against the defendant in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

### 36. Verdict Form

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 37. Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

### 38. Post-Discharge Instruction

2      Now that the case has been concluded, some of you may have questions about the

3  confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any

4  person you choose.  By the same token, however, I would advise you that you are under no

5  obligation whatsoever to discuss this case with any person.

6

7      If you do decide to discuss the case with anyone, I would suggest you treat it with a degree

8  of solemnity in that whatever you do decide to say, you would be willing to say in the presence of

9  the other jurors or under oath here in open court in the presence of all the parties.

10

11     Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully

12  and freely stated their opinions with the understanding they were being expressed in confidence.

13  Please respect the privacy of the views of the other jurors.

14

15     Finally, if you would prefer not to discuss the case with anyone, but are feeling undue

16  pressure to do so, please feel free to contact the Courtroom Deputy, who will notify me, and I will

17  assist.

18

19

20

21

22

23

24

25

26

27

28