ETHAN A. BALOGH, No. 172224
BALOGH & CO., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@balcolaw.com

Attorneys for Defendant/Appellant
DEVON WENGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/ Appellee,<br><br>v.<br><br>DEVON WENGER,<br><br>Defendant/ Appellant. | Case No. 23 Cr. 269 JSW<br>USCA No. 25-7704<br><br>OBJECTIONS TO ECF 740<br><br>Before the Hon. Jeffrey S. White<br>Senior United States District Judge |

Devon Wenger, by and through his counsel, hereby files his Objections to the Court's Order filed at ECF 740.

## OVERVIEW

On March 12, 2026, cooperator Eric Rombough publicly filed his sentencing memorandum and supporting materials before proceeding to sentencing the following week. His memorandum discussed at length and attached a comprehensive psychiatric evaluation performed by Vladimir Bokarius, M.D., Ph.D., QME, two years earlier.[1] It disclosed his mental health history, his current psychiatric conditions, his diagnoses, Dr. Bokarius's clinical findings, psychological testing and his need for treatment.[2] Rombough trumpeted one of his diagnoses more than a dozen times.

One week later, Rombough thought different, and filed a belated motion to seal Dr. Bokarius's Report.[3] Although Rombough's motion did not present the Government's position or claim emergency, the Court did not wait for the time afforded a response and instead granted the motion and sealed Dr. Bokarius's Report in an Order issued that same day.[4] **Rombough did not move to seal his sentencing memorandum.**

### 1. Wenger addresses Rombough's Sentencing Memorandum.

On August 3, 2026, Wenger timely moved for new trial based on newly-discovered evidence.[5] He relied on the Bokarius Report. As required by the Court's sealing order, Wenger moved to seal his brief which contained excerpts from the Report. Wenger's motion also quoted

---

[1] ECF 692 at 6:9-14 (Rombough Sentencing Memorandum); *see also* ECF 692-1 (Ex. A ("Dr. Bokarius's Report")). Dr. Bokarius's Report was prepared to support Rombough's pursuit of Workers' Compensation claim against the City of Antioch.
[2] ECF 692 at 6-8
[3] ECF 695.
[4] ECF 696.
[5] ECF 730.

from the sentencing memorandum, including references to Rombough's repeatedly professed condition.

In his administrative motion to seal his motion for new trial, Wenger also noted:

> Despite the limits of this Court's sealing order, Rombough's sentencing memorandum no longer appears on the public docket. Mr. Wenger accordingly moves the Court to issue an Order directing the Clerk to return ECF 692 to the public docket.[6]

Thereafter, Wenger presented additional factual bases and legal authorities supporting his request:

> First, Rombough spent four pages of his sentencing memorandum detailing the contents of Dr. Bokarius's report, including his mental health diagnosis, and relying on those factors to support a lesser sentence.[7] At the same time, Rombough publicly filed Dr. Bokarius's Report. Rombough's conduct demonstrates an intent to waive his privacy protections and he did so.[8] Indeed, Rombough's belated sealing application neither addressed the impact of his waiver though conduct, did not seek sealing of his sentencing memorandum, which sets forth material portions from Dr. Bokarius's Report, and did not offer any redacted version to protect from disclosure any portion of this sentencing memorandum.
>
> Second and relatedly, it would have been too late anyway: the bell has been rung. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) (once confidential information is published in a transcript, correctly or incorrectly, the information becomes part of the public domain and cannot be made private thereafter).[9]

The Government did not oppose Wenger's request for relief. <u>Neither did Rombough</u>.

---

[6] Wenger directly served Rombough's counsel with his motions. *See* ECF 721.
[7] *See* ECF 692 at 6:1-9:12.
[8] *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) ("waiver is the intentional relinquishment or abandonment of a known right.") (internal quotations and citation omitted).
[9] ECF 726 at 2.

**2. The Court rules on the issue.**

The Court addressed Wenger's motion, and similar sealing motions brought by the parties with respect to the new trial litigation, on September 8. The Court neither accepted Rombough's waiver nor addressed Wenger's presentation. It instead directed Rombough as follows:

> The Court ORDERS Rombough to show cause why his sentencing memorandum (Docket No. 692) should not be unsealed, in whole or in part. Rombough shall file a response to this Order by no later than September 22, 2026.[10]

The Order is incorrect. No Order ever sealed Rombough's sentencing memorandum.

In addition, Rombough did not show cause. After six weeks of grace, the Court again refused to hold him to his waiver.[11] In an Order that alluded to the Court's sub rosa actions,[12] the Court informed the parties it had reviewed his sentencing memorandum, identified what sections the Court believed should be sealed, and directed Rombough to file a brief in conformity with the Court's decision. The Court then went further, and ordered that if Rombough didn't do anything, he need not worry: the Court would his work for him.[13]

Devon Wenger objects.

////

////

---

[10] ECF 738.

[11] In marked contrast, in Case 268, the Court did not provide defense counsel even one day of grace before issuing an OSC regarding a tardy filing. *See* ECF 160.

[12] ECF 740 at 1 ("Rombough filed a motion to seal Dr. Bokarius' report but did not move to seal his sentencing memorandum, which discusses the report. When the Court issued the Order granting the motion to seal, Rombough's sentencing memorandum and other exhibits were sealed in addition to the Report.").

[13] ECF 740 at 1-2. Wenger did not get the same benefit, and he must assess the Court's ruling to determine the scope of redactions the Court intends for him to apply. Wenger objects to this lack of specificity in the Court's Order as well.

## OBJECTIONS

The Court has granted its own motion to seal a filing the proponent of which never sought to be filed. Wenger is aware of no rule, statute, or case permitting or supporting that action and contends the First and Fifth Amendments forbid it. As the Supreme Court recently reminded this Circuit:

> Courts are essentially passive instruments of government. They do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties.[14]

Rombough publicly filed the document on March 12. After further consideration, he decided to file a motion to seal the attached report but not the memorandum. This made sense. Rombough's sentencing memorandum touted his claimed diagnosis as a basis for mercy, and counsel mentioned this issue at sentencing:

> He had an attorney -- a fine person -- a fine attorney -- but who had a personal crisis who wouldn't return his calls for six months. That's how I came into the case. He also had a psychotherapist that was helping him deal with rather severe post-traumatic stress disorder who took his own life, which sends a signal that must have been devastating for Mr. Rombough, I have no doubt.[15]

Rombough's decision to maintain this filing publicly should have ended the matter. For some reason, the Court thought otherwise. The Court *sua sponte* sealed the sentencing memorandum and sealed it from PACER on March 13. No party requested that action and no sealing Order supported that action. The act was *sub rosa* and the Court provided no Order setting forth its decision to remove the memorandum from Pacer, much less presenting reasons

---

[14] *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) (internal quotations, citations, and brackets omitted).

[15] March 24, 2026 Reporter's Transcript, at 14:1-7.

in support of sealing, as required by the First Amendment. Wenger further contend that courts are not permitted to decide secretly what filings are available to the public.

As the Ninth Circuit teaches:

> [F]ilings under seal can interfere with open, public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted). Shrouding the mechanics of a criminal case in secrecy places the public's interest in a transparent judicial system at risk. *See Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 508, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) ("*Press-Enterprise I* ") (observing that open criminal proceedings "enhance both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system"); *see also Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 946 (9th Cir. 1998) (observing that "[o]ne of the most enduring and exceptional aspects of Anglo-American justice is an open public trial").[16]

In sum, the Court possessed no proper basis to remove the sentencing memorandum from Pacer, and its *sub rosa* conduct violated the First Amendment.

In addition, when provided the opportunity to address the issue anew, Rombough forewent it. A like circumstance occurred previously in this case, but with a non-cooperating defendant's counsel, and addressing materials actually subject to a sealing order:

> On March 14, 2025, the Court ordered Attorney Nicole Lopes to show cause by March 21, 2025 why the trial transcript and mistrial order should not be unsealed. (Dkt. No. 387.) On March 21, 2025, the Court issued an order warning Attorney Lopes that it would interpret failure to respond as agreement that the documents should be unsealed. (Dkt. No. 408.)
>
> Attorney Lopes has not responded and thus acquiesces in unsealing the documents. Accordingly, the Court HEREBY ORDERS that

---

[16] *United States v. Sleugh*, 896 F.3d 1007, 1012-13 (9th Cir. 2018) (parallel citations omitted).

> the documents at Docket Numbers 350 and 361 shall be unsealed in their entirety.[17]

There is no proper basis for this disparate treatment the Court afforded Rombough. Just as the Court accepted Lopes's waiver a basis to unseal filings, it should have Rombough's waiver of his opportunity to belatedly seek sealing after he already had knowingly and intentionally waived it. Indeed, Wenger presented an even easier question because the status quo is Rombough's publicly filed memorandum. Rombough has never sought sealing of it and no sealing Order issued. Rather, the Proposed Order presented by Rombough and executed by the Court is limited to Dr. Bokarius's Report and does not extend to the sentencing memorandum.[18] It is the Court which created this issue and without ever issuing an Order sealing the memorandum and setting forth its reasons for so doing.

Wenger further objects that the Court's conduct violates the party presentation principle, *see United States v. Sineneng-Smith*, 590 U.S. 371 (2020) and demonstrates bias in favor of cooperator Rombough. Respectfully, it is not for this Court to determine what a party desires to be sealed and to take on the role of advocate. Rombough made his intent clear: to publicly file his sentencing memorandum and tout his claimed psychiatric conditions in the public forum. That was his choice to make.

Finally, Wenger notes that on Sunday, Wenger provided his Opening Brief and supporting materials to his filing service for filing Tuesday, October 27. Therein, he identified

////

////

---

[17] ECF 420.

[18] ECF 696.

Rombough's diagnosis, as Rombough did at his public sentencing hearing and in his publicly filed sentencing memorandum.[19]

Respectfully submitted,

DATED: October 28, 2026

BALOGH & CO., APC

*/s/ E A Balogh*
BY: ETHAN A. BALOGH
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415.391.0440
Facsimile: 415.373.3901

Attorneys for Defendant
DEVON WENGER

---

[19] *See* USCA 25-7701, Entry 26.1.